NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30246 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00012-JLQ-1 |
| v. | |
| FOREST JACOB SHIELDS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted December 6, 2017[**]
Seattle, Washington

Before: O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

Defendant-Appellant Forest Jacob Shields challenges the district court's

denial of his motion to suppress. Shields argues the warrant was not supported by

probable cause. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The warrant to search the Motel 6 was supported by probable cause.[1] The affidavit by Detective Randy Lesser established "that there [was] a fair probability that contraband or evidence of a crime [would] be found in" the Motel 6 where Shields was hiding. *United States v. Adjani*, 452 F.3d 1140, 1145 (9th Cir. 2006) (alterations in original) (citation and quotation marks omitted).

There is a clear nexus between the Motel 6 and the firearms sought by the police to establish probable cause that evidence relating to attempted murder with a handgun would be found there. The affidavit states that Shields' girlfriend was seen leaving the Motel 6 and that she was the person Shields allegedly gave the firearm to immediately after the commission of the crime. There was sufficient evidence to believe both she and Shields were living there. These statements create a sufficient nexus between the place to be searched, the Motel 6, and the items to be seized; "[a]ny firearms, holster or gun boxes, bullets or shell casings, any expended bullets or bullet fragments." *See United States v. Crews*, 502 F.3d 1130, 1136–37 (9th Cir. 2007). In addition, under the law of this Circuit, it is reasonable that a gun would be found in the place where the perpetrator was residing, even eight days after the crime. *See United States v. Bowers*, 534 F.2d

_____

[1] In finding that the warrant was supported by probable cause, we need not reach the good-faith exception argument. *See United States v. Crews*, 502 F.3d 1130 (9th Cir. 2007) (finding the court can reach either the probable cause argument or the good-faith exception).

186, 192–93 (9th Cir. 1976) (finding the murder weapon would likely be found in the home of the defendant six weeks after the murder was committed).

The affidavit also established probable cause for electronic devices, cell phones, and documents. The probable cause requirement "is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Adjani*, 452 F.3d at 1145 (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). The affidavit establishes that a witness to the crime was texting Shields to arrange a drug transaction just prior to its commission, which establishes that a cell phone might contain evidence of the crime. Based upon the crime alleged and the thorough affidavit summarizing the particularized police investigation, the district court judge made the "reasonable inference" that this type of evidence would be found in the motel where Shields was hiding. *See United States v. Jackson*, 756 F.2d 703, 705 (9th Cir. 1985).

The affidavit was not an overly broad request for electronic devices, cell phones, or documents. In *United States v. Reeves*, we explained that "catch-all phrases," such as "may include, but is not limited to," used in the context of a police investigation "adequately limits the scope of the search and thus prevents it from being overbroad." 210 F.3d 1041, 1046 (9th Cir. 2000) (citation omitted). Here, the affidavit limits the search to "[a]ny cells phones in the room," "[a]ny

electronic devices that might contain evidence of the crime," and "[a]ny documents (including photographs) that might contain evidence of the crime."  These statements are sufficiently specific to limit the scope of the search.

Further, the affidavit supports probable cause to search for Shields' clothes, gloves, hats, shoes, and keys.  It is common sense that when a person shoots someone within close range, as occurred here, blood splatter or other forensic evidence could be found on the defendant's clothing and personal effects.  *Gates*, 462 U.S. at 231 (finding probable cause relies on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act") (citation omitted).  The district court reasonably found probable cause to support the search for Shields' personal items, such as clothing, gloves, hats, shoes, and keys to the suspect's vehicle which was registered to the girlfriend and driven by Shields at the time of the shooting.

Finally, as Shields was seen jumping out of the window of the Motel 6 when officers arrived to arrest him, the police would want to establish that he had been in the room for a longer period of time "to establish the identity of persons and control of premises" through DNA, fingerprint, and dominion-and-control paperwork evidence.  *United States v. Marques*, 600 F.2d 742, 751 n. 5 (9th Cir. 1979).  It was reasonable for the district court to find that probable cause supported searching for this evidence as well.

4

We hold the district court judge had a "substantial basis for concluding that the supporting affidavit established probable cause[,]" *United States v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994) (citations omitted), and a fair probability that evidence linking Shields to the crime for which he was wanted would be found in the room.

**AFFIRMED.**